UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| QUINNON MARTIN III and MICHELLE MARTIN, | Case No. 2:17-CV-1966 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| BANK OF NEW YORK MELLON et al., | |
| Defendant(s). | |

Presently before the court is defendants Bank of New York Mellon ("BNYM") and Bank of America, N.A.'s ("BANA") motion to dismiss. (ECF No. 12). Plaintiffs Quinnon Martin, III and Michelle Martin filed a response (ECF No. 14), to which defendants BNYM and BANA replied (ECF No. 15).

**I.      Facts**

On June 7, 2006, plaintiffs refinanced the property by way of a loan from Bayrock Mortgage Corporation ("Bayrock") for $650,000.00 secured by a deed of trust, identifying Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the original lender, its successors and assigns. (ECF No. 12). On December 9, 2009, MERS assigned the deed of trust to BNYM through an assignment recorded on January 20, 2010. (*Id.*). There were no assignments of the deed of trust prior to the December 9, 2009 assignment. (*Id.*).

On August 27, 2013, BANA purported to assign the deed of trust to Nationstar. (*Id.*). When the August 27, 2013 assignment was recorded, BNYM was the beneficiary under the deed of trust pursuant to the December 9, 2009 assignment. (*Id.*).

James C. Mahan
U.S. District Judge

Plaintiffs defaulted on their obligations to make loan payments. (*Id.*). On October 6, 2016, BNYM recorded a notice of default and election to sell under the deed of trust ("NOD"). (*Id.* at Ex. A). Attached to the NOD is an affidavit of authority to exercise the power of sale that identified BNYM as the beneficiary under the deed of trust and Nationstar as servicer. (*Id.*).

The parties then participated in a mediation on March 14, 2017. (ECF No. 12). On March 14, 2017, after the parties were unable to reach an agreement, the State of Nevada Foreclosure Mediation Program ("the Program") mailed correspondence to plaintiffs containing the mediator's statement and that a certificate would issue on or about May 11, 2017. (*Id.*).

The letter from the Program advised that the certification "allows [BNYM] to proceed with foreclosure." (*Id.*). The letter also states that "[i]f you participated in mediation, you have the right to file a [petition for judicial review ("PJR")] within 30 days of receiving the mediator's statement with the district court in the county where the notice of default was properly recorded." (*Id.*). Plaintiff did not file a PJR within 30 days of receiving the mediator's statement. (*Id.*).

On May 11, 2017, the Program issued a certificate indicating no agreement had been reached at the mediation and BNYM may proceed with foreclosure. (*Id.*). The certificate was recorded on May 17, 2017. On June 6, 2017, plaintiffs recorded a notice of lis pendens. (ECF No. 1, Ex. C).

On June 8, 2017, plaintiffs filed their complaint alleging violations of NRS 107.080 and claims for quiet title and injunctive and declaratory relief against BNYM and BANA and also claims for fraud and violation of NRS 598 against BANA. (ECF No. 1, Ex. A).

On June 16, 2017, BNYM recorded a notice of sale indicating the amount due and owing was $1,010,596.51 and setting the sale for July 11, 2017. (ECF No. 12, Ex. C). On June 17, 2017, BNYM posted the notice of sale on the property. (ECF No. 1, Ex. A).

On July 10, 2017, plaintiffs filed an application for temporary restraining order enjoining the July 11, 2017 sale. The district court, Clark County, Nevada granted plaintiffs' application and the sale did not proceed. (ECF No. 12).

. . .

. . .

## II.    Legal Standards

### A.  Motion to Dismiss

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must

James C. Mahan
U.S. District Judge

contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

## III.    Discussion

As an initial matter, the court takes judicial notice of the publicly recorded documents concerning the property's title history, which are attached to the instant motion as Exhibits A-C.

Plaintiffs' claims are as follows: (1) violation of NRS 107.080 against BNYM; (2) quiet title against BNYM and BANA; (3) fraud and violation of NRS 598 against BANA; (4) injunctive relief against BNYM; and (5) declaratory relief, stating there was not proper notice pursuant to NRS 107.080(3) and that, as a result, the Nevada Foreclosure Mediation Certificate is void.

### 1.    *Claim (1): violation of NRS 107.080 against BNYM.*

Defendants contend plaintiffs' claim for relief for violation of NRS 107.080 fails because it is based on the mistaken belief that the purported assignment from BANA to Nationstar in 2013 negates BNYM's interest. (ECF No. 12). The court agrees.

The public record shows that MERS, as beneficiary under the deed of trust and nominee of the original lender, its successor and assigns, assigned the deed of trust to BNYM on January 20, 2010. (ECF No, 12). Further, the public record shows BNYM has not assigned its interest thereafter and remains the beneficiary under the deed of trust. (*Id.*).

Plaintiffs fail to offer the court any support for their contention the 2013 assignment to BANA was in fact effective. Based on this lack of support and the unambiguity of the public record, the court finds plaintiffs' claim for relief for violation of NRS 107.080 fails.

Accordingly, the court will dismiss claim (1) of plaintiffs' complaint (ECF No. 1, Attachment A) with prejudice.

### 2.    *Claim (2): quiet title against BNYM and BANA*

To succeed on a quiet title action, plaintiffs "must overcome the 'presumption in favor of the record titleholder,' . . . . and 'allege that [they have] paid any debt owed on the property.'" (*Olarte v. DHI Mortgage*, 2013 WL 5492694 (D. Nev. Sept. 27, 2013).

**James C. Mahan**
**U.S. District Judge**

Defendants allege plaintiffs fail to state a claim for quiet title because they do not claim they have paid the underlying debt. (ECF No. 12). Plaintiffs state "the purpose of a quiet title action is to allow any adverse claimant to the real property (e.g.: the holder of the note and deed of trust) to prove their claim to the property and have this court issue a declaration as to their rights in the subject real property." (ECF No. 14).

The court agrees with plaintiffs' statement as to the purpose of a quiet title action and finds plaintiffs have summarily failed to provide sufficient proof as to their quiet title. Plaintiffs have offered the court no legitimate proof contravening the public record, which clearly shows BNYM as the titleholder.

Accordingly, the court will dismiss claim (2) of plaintiffs' complaint (ECF No. 1, Attachment A) with prejudice.

### 3. Claim (3): fraud and violation of NRS 598 against BANA

Plaintiffs' fraud claims must satisfy a heightened pleading standard. (*Vess v. Ciba-Geigy Corp. USA*, 317 F. Supp. 1097, 1103 (9th Cir. 2003). Rule 9(b) requires claims of fraud to be pleaded with particularity. (Fed. R. Civ. P. 9(b)), Fraud claims will be dismissed absent adequate allegations of "who, what, when, where, and how" of the alleged fraudulent conduct." (*Montez v. Bank of America, N.A.*, 2014 WL 1494234 at *14 (D. Nev. 2014). This specificity is required so as to put defendant on notice of the particular misconduct in question. (*Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)).

As defendant notes, and plaintiffs' response illustrates (ECF No. 14), plaintiffs only allege "when" the alleged fraud and violations of NRS 598 took place, but fail to addressthe other requirements. (ECF Nos. 14 and 15). Plaintiffs claim the fraud and violation occurred on a "quarterly basis" "since 2010." (ECF No. 1, Attachment A). This description fails to specify when the alleged misconduct occurred with adequate particularity.

Accordingly, the court will dismiss claim (3) of plaintiffs' complaint (ECF No. 1, Attachment A) without prejudice.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

### 4. Claim (4) injunctive relief

As stipulated by plaintiffs in their response to the instant motion, their claim for injunctive relief will be dismissed, as it is a remedy and not a cause of action. *See, e.g.*, *In re Wal-Mart Wage & Hour Emp't Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007); *Tillman v. Quality Loan Serv. Corp.*, No. 2:12-CV-346 JCM RJJ, 2012 WL 1279939, at *3 (D. Nev. Apr. 13, 2012) (finding that "injunctive relief is a remedy, not an independent cause of action"); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action.").

### 5. Claim (5): declaratory relief stating there was no proper notice pursuant to NRS 107.080(3) and as a result, the Nevada Foreclosure Mediation Certificate is void

Defendants contend plaintiffs are estopped from challenging BNYM's foreclosure because plaintiffs failed to exhaust all administrative remedies prior to filing the complaint. The court agrees.

The Program is a statuary scheme that gives borrower's in default on their residential mortgage loans the opportunity to mediate with their lenders to avoid foreclosure. (FMR 1-2; NRS 107.086). To participate, the borrower enrolls in the program upon mutual agreement with the beneficiary of the deed of trust or upon receipt of a notice of default recorded against the property. (FMR 8(1); NRS 107.086). If either party is unhappy with the result of the mediation, that party can file a PJR in the district court in the county where the notice of default was recorded within 30 days of receiving the mediator's statement. (FMR 23(2)).

Here, the mediator's statement, issued on March 30, 2017, concluded BNYM has authority to proceed with a foreclosure. (ECF 12, Ex. B). Accordingly, plaintiffs were required to file their PJR on or before April 29, 2017, but plaintiffs failed to do so. (ECF No. 12). Plaintiffs' remedy, if they were unhappy with the mediation outcome, was to file a PJR within 30 days asking the court to review the mediation. Plaintiffs cannot now seek to avoid foreclosure through this complaint, and after the expiration of the statutory window.

Accordingly, the court will dismiss claim (5) of plaintiffs' complaint (ECF No. 1, Attachment A) with prejudice.

For the foregoing reasons, the court will grant the defendants BNYM and BANA's motion to dismiss (ECF No. 12).

**IV.    Conclusion**

Based on the aforementioned, the court will dismiss, without prejudice, claim (3) of plaintiffs' complaint, and will dismiss, with prejudice, claims (1), (2), (4), and (5) of plaintiffs' complaint. (ECF No. 1, Attachment A).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss (ECF No. 12) be, and the same hereby is, GRANTED.

The clerk is instructed to close the case.

DATED January 11, 2018.

_____
UNITED STATES DISTRICT JUDGE